COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia

UNPUBLISHED

DIANNE METZLER

MEMORANDUM OPINION[*] BY
v.      Record No. 0505-12-4             JUDGE ROBERT P. FRANK
                                          NOVEMBER 5, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Mary Grace O'Brien, Judge

(Dianne Metzler, *pro se*, on briefs). Appellant submitting on briefs.

(Kenneth T. Cuccinelli, II, Attorney General; Eugene Murphy,
Senior Assistant Attorney General, on briefs), for appellee.
Appellee submitting on briefs.


Dianne Metzler, appellant, appeals the trial court's imposition of a "peace bond" pursuant

to Code § 19.2-19. The only assignment of error granted by this Court is her contention that the

trial court erred in not granting her request for a jury trial. For the reasons stated, we affirm the

trial court.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] A panel of this Court denied appellant's petition for appeal as to the following
assignments of error: lack of probable cause; admissibility of evidence; sufficiency; bias of the
trial judge; and consideration of evidence outside the record. Additionally, appellant, in her
brief, raised a number of issues not part of the assignment of error granted: fraud by the
prosecutor and all judges involved in this case; violation of her Sixth Amendment right to
cross-examine; standing; admission of a police report; improper/unethical conduct of the
prosecutor, the district court judge, the circuit court judge, and the writ panel judges of this
Court; illegality of the original warrant; violation of her Fifth Amendment right to remain silent;
violation of her Fourteenth Amendment due process rights; and failure of the writ panel to
address the relationship between the police and the complaining witness.

Rule 5A:20(c) requires us to hold that these issues are waived because they are not part of
appellant's assignment of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d
340, 345 (2007) (holding that because an appellant did not include an argument in his questions

BACKGROUND

This matter arose from a neighborhood disagreement between appellant and her neighbor, W.B. Pursuant to Code § 19.2-19, W.B. swore out a complaint before a magistrate alleging appellant threatened to make negative statements regarding W.B.'s job and that "she was going to patrol the area with her own gun and pit-bull attack dog." The magistrate issued a summons, citing Code § 19.2-19, that appellant did "unlawfully threaten to commit violence or injury against the person or property of [W.B. and H.B.] and family and thus is required to give a recognizance to keep the peace." The summons was delivered to appellant in person on August 31, 2011.

The general district court ordered appellant to post a "peace bond" pursuant to Code § 19.2-19. Appellant appealed to circuit court.

In circuit court, the trial court granted the Commonwealth's motion to deny appellant a jury trial. On February 29, 2012, the trial court ordered appellant "give a $2,500 recognizance to keep the peace and have no unlawful contact with [W.B. and H.B.] for a period of one year."[2]

This appeal follows.

ANALYSIS

Appellant's assignment of error states that the trial court erred in denying her the right to trial by jury on the imposition of a peace bond. We note from the outset that appellant is not challenging the constitutionality of the peace bond statutes, but she simply contends the trial court erred in not granting her a jury trial.

---

presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

[2] Appellant posted the security and was not placed in custody.

We begin our analysis with settled principles of appellate review. "'Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts.'" Groves v. Commonwealth, 50 Va. App. 57, 61, 646 S.E.2d 28, 30 (2007) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)).

The statute under which the trial court conducted this proceeding specifically requires a judge, not a jury, to determine whether good cause has been shown. Relying on the clear language of the statute, the trial court correctly denied appellant's request for a jury trial.

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994).

In Ingram v. Commonwealth, 62 Va. App. 14, 741 S.E.2d 97 (2013), this Court reviewed appellant's request for a jury trial pursuant to Code § 37.2-1101(A). Despite the plain language of the statute, which empowers only a "circuit court or district court judge or special justice" to issue involuntary treatment orders, this Court analyzed whether appellant had federal and state constitutional rights to a jury trial.[3] In deciding appellant did not, the Court stressed the plain meaning of the statute:

> Code § 37.2-1101(A) empowers a "circuit court or district court judge or special justice" to issue involuntary treatment orders. Subsection G requires "the court" to make specific findings prior to issuing the order. Subsection H makes clear that "the court" should determine the scope of the treatment covered by the order. Code § 37.2-1102 similarly authorizes "the court" to

_____

[3] Appellant in this case did not make any constitutional challenge to the statute itself.

order certain actions under specific conditions.  The statutory scheme assigns the decisionmaking duties entirely to the court and makes no allowance for jury trials on any issue.

Ingram, 62 Va. App. at 24, 741 S.E.2d at 67 (footnote omitted).

Similarly in this case, the statute provides only for a judge, not a jury, to determine whether good cause has been shown.  Thus, we find no error in the trial court following the statute and denying appellant a jury trial.

Affirmed.