UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia


JOSEPH WILLIAM GREENE

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1605-12-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                            APRIL 15, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
James F. D'Alton, Jr., Judge

T. Noel Brooks (Hairfield~Morton, PLC, on brief), for appellant.

Susan Mozley Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Following a jury trial in the Circuit Court of Powhatan County (trial court), Joseph William

Greene (appellant) was convicted of grand larceny of a pickup truck, in violation of Code

§ 18.2-95.[1]   On appeal, appellant's sole assignment of error states "[t]he trial court erroneously

inferred larceny of a truck from appellant's possession of unrelated property."   Appellant's Br. at 2.

        The record on appeal reflects that appellant did not object to any of the jury instructions

given by the trial court, nor did appellant proffer jury instructions to address the issue he asserts in

his assignment of error.   On brief and at oral argument, appellant argued only that the evidence

presented at trial was insufficient to convict him of grand larceny of a pickup truck.   Pursuant to

Rules 5A:12(c)(1) and 5A:20(c), appellant's asserted trial court error is waived because it was not

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted by the same jury of statutory burglary, in violation of
Code § 18.2-91, and grand larceny, in violation of Code § 18.2-95.   He does not challenge those
convictions on appeal.

part of appellant's assignment of error in his petition for appeal or on brief. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal). Appellant's sole assignment of error does not challenge the issue of sufficiency of the evidence to support his conviction by the jury or challenge the trial court's ruling on his motion to strike the Commonwealth's evidence. Accordingly, we affirm appellant's conviction for grand larceny of a pickup truck, in violation of Code § 18.2-95.

Affirmed.