COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia

LONNIE ALAN BURCH

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1101-13-4               JUDGE GLEN A. HUFF
                                         OCTOBER 14, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Lorie E. O'Donnell, Public Defender (Office of the Public Defender,
on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Lonnie Alan Burch ("appellant") appeals his conviction of assault and battery of a law

enforcement officer, in violation of Code § 18.2-57(C). Following a bench trial in the Circuit

Court of Loudoun County ("trial court"), appellant was sentenced to twelve months in jail. On

appeal, appellant contends that "[t]he trial court erred by refusing to instruct the jury on

[appellant's] right to act in self-defense when faced with excessive force." Specifically,

appellant contends that "[t]he proposed jury instruction was a correct statement of the law and

supported by evidence adduced at trial." For the following reasons, this Court affirms

appellant's conviction.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

At 9:00 a.m. on November 13, 2011, Deputy Jennifer Wetzel ("Wetzel") of the Loudoun County Sheriff's Department was working in the S400 block of the Adult Detention Center ("Center"). Wetzel was assigned to "monitor housing units, the inmates assigned to those units, do the cell inspections, and allow [inmates] out for their times." The Center permitted inmates to leave their cells for one hour during which time they could shower, use the telephone, watch TV or read. Wetzel noticed that appellant was out of his cell for his allotted time.

After appellant's hour had passed, Wetzel and Deputy Adam MacDonald ("MacDonald") approached appellant and "told him to lock down so that [they] could let the . . . next inmate out for his time." Appellant refused to return to his cell and argued that his time was not up. MacDonald then informed appellant "'She is giving you a direct order. You need to go and lock down. If you refuse to lock down, you are going to get more in-house charges.'" Again, appellant refused to comply. In response, Wetzel called for back-up and five officers arrived at the scene.

Once the other deputies arrived, appellant "started to complain" to the supervising officer, Sergeant Ware ("Ware"). Appellant insisted Wetzel and MacDonald were "cheating [appellant] out of [his] time." In response, Ware instructed appellant to "Go lock down" and that Ware would speak to appellant regarding his complaint but he needed "to lock down first." Still, appellant refused to return to his cell. During the encounter, MacDonald observed that appellant "was still angry with [the deputies]" and acted in an "aggressive manner."

After appellant refused to comply with his orders, Ware instructed the deputies "to handcuff [appellant] from behind his back." Appellant refused to place his hands behind his back and instead held out his hands and said "You can handcuff me in the front." Deputy Kevin Donlan ("Donlan") observed that appellant "held his hands out, appeared that he was going to cuff up willingly,"

- 2 -

however, "[w]hen the cuffs got close to him, he pulled back and had his fists to the side." Additionally, Donlan indicated appellant "was becoming increasingly agitated." Soon thereafter, the officers "merged on" and "attempt[ed] to physically restrain [appellant]." During the officers' attempts to restrain appellant, appellant struck Donlan in his left eye with his right closed fist. The officers wrestled appellant to the floor, handcuffed him, and returned him to his cell.

At the conclusion of all the evidence, appellant proposed the following jury instruction:

> If an arresting officer uses more force than is reasonably necessary to effectuate a lawful arrest, the person subjected to that unreasonable force may use reasonable force to defend himself. If you find that the arrest in this case was lawful but that the officer used unreasonable force under the circumstances to effectuate the subjugation, then the defendant had a right to use reasonable force to defend himself from the unreasonable force. If the defendant used no more force than was reasonably necessary to defend himself, then you shall find the defendant not guilty.

The Commonwealth objected to the proposed instruction on the ground that it applied to resisting an unlawful arrest and argued that appellant had not been arrested because he was already incarcerated. Relying on Commonwealth v. Hill, 264 Va. 541, 570 S.E.2d 805 (2002), the trial court refused appellant's proposed instruction, finding that appellant was not under arrest. This appeal followed.

A. Standard of Review

"As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citing Daniels v. Commonwealth, 275 Va. 460, 466, 657 S.E.2d 84, 87 (2008)). On appeal, "Our 'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Moreover, "in deciding whether a particular

- 3 -

instruction is appropriate, we view the facts in the light most favorable to the proponent of the instruction." Cooper, 277 Va. at 381, 673 S.E.2d at 187.

Additionally, "[a]n instruction must be supported by more than a scintilla of evidence." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978) (citing Gibson v. Commonwealth, 21 Va. 412, 417, 219 S.E.2d 845, 849 (1975)). "'The weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis' by assessing the evidence in support of a proposition against the 'other credible evidence that negates' it." Woolridge v. Commonwealth, 29 Va. App. 339, 348, 512 S.E.2d 153, 158 (1999) (quoting Brandau v. Commonwealth, 16 Va. App. 408, 411-12, 430 S.E.2d 563, 565 (1993)).

### B. Self-Defense Jury Instruction

On appeal, appellant contends that the trial court erred by refusing to instruct the jury regarding appellant's right to use reasonable force in defending himself against excessive force associated with an unlawful arrest. Specifically, appellant argues the trial court should have permitted his proposed jury instruction because he was entitled to use reasonable force against the deputy's alleged unlawful arrest. The Commonwealth asserts the trial court did not err because appellant was already incarcerated for previous convictions and was not under arrest at the time of the assault.

"Under the common law, a citizen is generally permitted to use reasonable force to resist an illegal arrest." Hill, 264 Va. at 546-47, 570 S.E.2d at 808 (citing Banner v. Commonwealth, 204 Va. 640, 646-47, 144 S.E.2d 305, 309-10 (1963)). Despite this, "'[a] detention facility is a unique place fraught with serious security dangers.'" Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 344 (2007) (quoting Bell v. Wolfish, 441 U.S. 520, 560 (1979)). Moreover, "the government has a compelling interest in maintaining order in a jail." Id.

"The limitation on prisoners' privileges and rights also follows from the need to grant necessary authority and capacity to federal and state officials to administer the prisons." McKune v. Lile, 536 U.S. 24, 37 (2002). Furthermore, "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." Id. (quoting Turner v. Safley, 482 U.S. 78, 84-85 (1987)). Therefore, "courts must exercise restraint in supervising the minutiae of prison life." Id. Most importantly, "[a]n essential tool of prison administration . . . is the authority to offer inmates various incentives to behave." Id. at 39. "The Constitution accords prison officials wide latitude to bestow or revoke these perquisites as they see fit." Id.

In the current matter, appellant was informed by deputies that his hour reserved to make phone calls, watch TV, and read had passed and he needed to return to his cell. Appellant refused Wetzel's instructions and asserted that an hour had not passed. Next, the deputies warned appellant that if he did not comply he would receive additional in-house charges; however, appellant refused to return to his cell. Moreover, after the arrival of five additional deputies, Ware informed appellant that he would talk to him about his complaints if appellant returned to his cell but, once again, appellant disregarded the instruction. Lastly, after being informed he was going to be handcuffed, appellant resisted, which caused the five officers to merge on appellant and restrain him.

"[T]he government has a compelling interest in maintaining order in a jail." Winston, 51 Va. App. at 82, 654 S.E.2d at 344. By restraining appellant, the deputies acted in an effort to restore order within the Center. Appellant contends "[h]e was denied his hour of freedom of movement." Despite appellant's arguments, appellant's allotted hour outside of his cell was not a right but a revocable incentive. See McKune, 536 U.S. at 39 ("An essential tool of prison

administration, however, is the authority to offer inmates various incentives to behave. The Constitution affords prison officials wide latitude to bestow or revoke these perquisites as they see fit.").[1]

This Court "must exercise restraint in supervising the minutiae of prison life." Id. at 37. Appellant was within the state's custody during the entirety of the altercation. Moreover, as an inmate, appellant was already subject to a restraint on his liberty and, consequently, had no legal right to resist the deputies under the circumstances presented. Accordingly, because appellant had no legal right to resist and appellant was at fault, he therefore was legally barred from arguing self-defense. See Smith v. Commonwealth, 165 Va. 776, 785, 182 S.E. 124, 128 (1934) (finding that when employing the without-fault self-defense, the appellant must "have been without fault in the 'minutest degree.'"). Furthermore, the deputies acted to maintain order at the facility by temporarily restraining appellant and returning him to his cell. Considering appellant was already in custody, appellant was never arrested but was restrained after causing disorder at the Center. Therefore, this Court finds that appellant was not entitled to use self-defense because an unlawful arrest did not occur.

"Our 'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Molina, 272 Va. at 671, 636 S.E.2d at 473 (quoting Swisher, 223 Va. at 503, 290 S.E.2d at 858). Finding that there was no unlawful arrest, the trial court did not err in denying appellant's request to instruct the jury on self-defense.

---

[1] In McKune, the United States Supreme Court held appellant's loss of his personal television, less access to prison organizations and the gym area, a reduction in certain pay opportunities and canteen privileges, and restricted visitation rights amounted to a revocable incentive. 536 U.S. at 39.

## III.  CONCLUSION

Based on the foregoing, this Court finds that the trial court did not err in refusing to instruct the jury on the use of reasonable force in self-defense when faced with an unlawful arrest.  Accordingly, the convictions are affirmed.

<u>Affirmed.</u>