COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Kelsey and Alston
Argued at Chesapeake, Virginia


TYRONE JERRARD SIMMONS

                                                                OPINION BY
v.        Record No. 1893-12-1                      JUDGE ROBERT P. FRANK
                                                                FEBRUARY 25, 2014

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Charles E. Poston, Judge[1]

        Curtis T. Brown for appellant.

        Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Tyrone Jerrard Simmons, appellant, was convicted by a jury of driving under the influence,

in violation of Code § 18.2-266.  On appeal, he contends the trial court erred in not striking three

jurors for cause.  For the reasons stated, we affirm the judgment of the trial court.

                                        BACKGROUND[2]

        At the beginning of jury selection, the trial judge asked the jurors a number of questions,

namely:  1) whether any of them had expressed or formed an opinion as to the guilt or innocence of

the appellant; 2) whether the charge of driving while intoxicated would cause any bias; and

3) whether they knew of any reason why they could not give a fair and impartial trial to both parties

based solely on the law and the evidence.  No juror responded affirmatively.  The Commonwealth's

---

    [1] The Honorable John R. Doyle, III presided over the proceeding that is the subject of this
appeal.

    [2] We do not recite the facts of the offense because they are not relevant to our analysis.

attorney asked whether any of the prospective jurors would have a problem impartially applying the law as instructed by the court. No juror indicated that he or she would have any problem doing so.

Defense counsel then asked, "[a]re there any members of the jury that think that it is improper – it is improper to drive after you have been drinking alcoholic beverages?" This question received all affirmative responses. Before counsel began individual questioning based on the responses, the trial judge asked counsel if he could be more specific with his question and whether it was accurate to say that he was "asking them if they feel that someone should not drive if they've had any alcohol to drink." Counsel agreed, and the jurors indicated they understood the judge. During defense counsel's *voir dire*, the trial judge stated:

> [T]here may be a difference between your own code of conduct that you would conduct yourself and the law of the Commonwealth. So, for example, some of you may indicate that, you know, your own code of conduct, you would not drive a vehicle after even having any taste of alcoholic beverage, and that's your code of conduct and that's your decision to make, but the question would be, would you be able to apply the law of the Commonwealth in this case, or would you – or would you apply your own stricter code of conduct as if it was the law of the Commonwealth in deciding whether the defendant was guilty or not guilty, or the case been proven beyond a reasonable doubt? Is there any of you that would apply your own stricter code of conduct rather than apply the law as per the instructions that the Court may give you? Did I explain that clearly?
>
> THE JURORS: Yes.
>
> THE COURT: Okay. Everyone is indicating yes.
>
> And no one indicates that you would apply your own personal code of conduct as if it was the law and not follow the instructions of the court?

After more discussion, the judge reiterated:

> There is a difference between your opinion on whether it would be advisable not to drive, and that's how you would conduct yourself, and what the law in Virginia has to prove is beyond a reasonable doubt for somebody to be found guilty of driving under the influence.

\* \* \* \* \* \* \*

> I just want to be sure that everyone is clear that there's a difference between what you might – what anyone of you might think is advisable and what the instructions of law will be given to you has to be proved beyond a reasonable doubt for someone to be found guilty in the crime of driving under the influence?
>
> Does everybody understand the distinction that we're getting into here?
>
> THE JURORS: Yes.

\* \* \* \* \* \* \*

> THE COURT: . . . [Defense counsel] is asking more about our opinion of what you think is advisable, how you think people should conduct themselves, but he's not – but he's not asking you what you would have to hear to find somebody guilty. That's a different question that you will be instructed on later.

Juror G indicated he had a blanket opinion that it is improper to drive after one drink. Juror F agreed that it is improper to drink and drive. He characterized his view as a blanket opinion. Juror C stated she believed one should not drive if you're drunk but "that varies with each person." She, too, said it was her blanket opinion.

At the conclusion of *voir dire*, the court again explained the distinction between whether something is improper and what must be proven for a conviction. The jurors responded affirmatively when the court asked whether everyone understood the distinction. The court then asked, "is there any one of you that would substitute your feeling about what would be advisable or improper . . . for the instructions of law as to what's illegal?" No one responded affirmatively to this question.

Subsequently, appellant moved to strike Jurors G, F, and C for cause, arguing that each had a firm belief it was improper to drive after drinking. The court opined that the three jurors in question simply stated their personal code of conduct. The trial court found that the three indicated they would follow the law and they understood the distinction between how they would

conduct themselves versus what is illegal.  The court denied appellant's motion to strike the three jurors for cause.[3]

This appeal follows.

ANALYSIS

Appellant argues the trial court erred in not striking Jurors G, F, and C for cause, contending each had a "blanket belief" that it is improper to drive after drinking alcoholic beverages.  This argument is based on a faulty premise.  Appellant equates their statements that people should not drink and drive with a belief that they would convict simply upon a showing that appellant consumed alcohol and drove.  This argument is an incorrect interpretation of the jurors' responses.

The right to be tried by an impartial jury is guaranteed under both the United States and Virginia Constitutions.  Swanson v. Commonwealth, 18 Va. App. 182, 184, 443 S.E.2d 702, 703 (1994); see also Code § 8.01-358.  For that guarantee to be effective, persons accused of violating criminal laws must be provided with "'an impartial jury drawn from a panel [of twenty] free from exceptions.'"  Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736-37 (1976) (quoting Code § 8.208.19 (now Code § 19.2-262)).  Every prospective juror must stand indifferent to the cause, "and any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused."  Id. at 298, 227 S.E.2d at 735.

In conducting our review, we consider the jurors' entire *voir dire*, not merely isolated statements.  Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999), cert. denied, 530 U.S. 1218 (2000).

> "On appellate review, this Court must give deference to the circuit court's determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed.  The circuit court is in a

_____

[3] The trial court struck one juror, not subject to this appeal, for cause.

- 4 -

superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath."

Garcia v. Commonwealth, 60 Va. App. 262, 268, 726 S.E.2d 359, 362 (2012) (quoting Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001)).

A trial court's denial of a motion to strike a juror for cause "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001).

Within this framework, we conclude the trial court did not abuse its discretion in not striking the three jurors for cause. All of those jurors indicated they would follow the instructions given by the court. They simply stated one should not drink and drive. Their answers simply reflect common sense. No one indicated they would convict simply because a defendant drank alcohol. If we were to accept appellant's position that a juror should be struck simply because a defendant is accused of engaging in an activity the juror believed to be wrong, a trial court would never be able to seat a jury.

On numerous occasions, the trial court reminded the jurors of the distinction between their own personal code of conduct and illegal conduct. None of the three jurors said they would substitute their own personal views for the instructions given by the court. The court properly

concluded the three jurors were fair and impartial and would be able to render a verdict based

solely on the law and the evidence.[4]

        The judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

      [4] In his brief, appellant suggested that the trial court impermissibly rehabilitated and influenced the jurors' answers.  This argument was neither presented at trial nor the subject of the assignment of error.  More specifically, appellant did not object to the trial court's questions to the jurors.  Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'"  <u>Farnsworth v. Commonwealth</u>, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).  Rule 5A:18 is clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  In addition, Rules 5A:12(c)(1) and 5A:20(c) require us to hold that this issue is waived because it was not part of appellant's assignment of error on petition or on brief. <u>See</u> <u>Winston v. Commonwealth</u>, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); <u>see also</u> <u>Hillcrest Manor Nursing Home v. Underwood</u>, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

      We further note that none of the trial court's questions were rehabilitative in nature. They simply clarified the significant difference between personal opinions and illegal activity.