COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia


CHRISTOPHER WAYNE BUTLER

                                                              OPINION BY
v.      Record No. 1213-13-2                       JUDGE ROBERT P. FRANK
                                                              OCTOBER 28, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge Designate

Susan E. Allen (The Law Office of Susan E. Allen, on brief), for
appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Christopher Wayne Butler, appellant, was convicted in a bench trial of possessing a

firearm after having been convicted of a felony in violation of Code § 18.2-308.2.  On appeal, he

contends the trial court erred in imposing a mandatory minimum two-year sentence because the

indictment failed to allege that his prior felony conviction occurred within ten years.  Finding no

error, we affirm.

BACKGROUND

On April 9, 2013, a grand jury returned a true bill charging appellant with unlawfully and

feloniously possessing a firearm after having been convicted of a felony in violation of Code

§ 18.2-308.2, a Class 6 felony.  On May 9, 2013, appellant was arraigned on the indictment and

pled not guilty.  At trial, the Commonwealth introduced evidence of appellant's prior felony

conviction that occurred within ten years of the current offense.  The trial court found appellant

guilty as charged and prepared to sentence appellant simultaneously on the firearm charge and other offenses pending before the court.[1]

The Commonwealth objected to the consolidation of the charges for sentencing. Citing Code § 18.2-108.2(A),[2] the Commonwealth argued that the trial court was required to impose a mandatory minimum sentence of two years incarceration on the firearm charge because appellant's prior felony conviction occurred within ten years of the current offense. The trial court *sua sponte* raised the issue of whether the court may impose a mandatory minimum sentence when the indictment failed to allege the felony conviction occurred within the past ten years. Counsel was asked to submit memoranda on the issue. After considering the memoranda and arguments of counsel, the trial court imposed the mandatory minimum of two years incarceration.

This appeal follows.

ANALYSIS

"To the extent that determinations regarding sentencing involve the interpretation of a statute or the common law, such an interpretation is a question of law reviewed *de novo* on appeal." Commonwealth v. Greer, 63 Va. App. 561, 568, 760 S.E.2d 132, 135 (2014).

---

[1] Appellant does not challenge the sufficiency of the evidence to support his conviction. We, therefore, recite only the facts and incidents of the proceedings relevant to this appeal.

[2] Code § 18.2-308.2(A) provides in part:

> It shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm . . . . Any person who violates this section shall be guilty of a Class 6 felony. . . . Any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of any other felony within the prior 10 years shall be sentenced to a mandatory minimum term of imprisonment of two years.

- 2 -

"'The function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'" Sloan v. Commonwealth, 35 Va. App. 240, 246, 544 S.E.2d 375, 378 (2001) (quoting Morris v. Commonwealth, 33 Va. App. 664, 668, 536 S.E.2d 458, 460 (2000)) (other citations omitted). Accordingly, Code § 19.2-220 provides:

> The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment or information may use the name given to the offense by the common law, or the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

When a statute contains more than one grade of offense carrying different punishments, "'the indictment must contain an assertion of the facts essential to the punishment sought to be imposed.'" Sloan, 35 Va. App. at 246, 544 S.E.2d at 378 (quoting Moore v. Commonwealth, 27 Va. App. 192, 198, 497 S.E.2d 908, 910 (1998)). However, Code § 19.2-220 does not require an indictment to affirmatively set forth the punishment for the offense. Id.

The trial court found that Atkins v. Commonwealth, 57 Va. App. 2, 698 S.E.2d 249 (2010), was "dead on point." In Atkins, the Court was called upon to decide whether the mandatory sentences prescribed in Code § 18.2-308.2 are grades of the offense carrying different punishments, or are they simply different punishments for the same offense. We concluded that they are different punishments for the same offense.

In Atkins, appellant was charged with possessing a firearm as a convicted felon in violation of Code § 18.2-308.2. 57 Va. App. at 7, 698 S.E.2d at 252. At trial, he asserted that because the indictment omitted the words "within ten years," the indictment did not plead specific charging information that would demand a mandatory sentence upon conviction. In

relying on our holding in Thomas v. Commonwealth, 37 Va. App. 748, 561 S.E.2d 56 (2002), this Court concluded, "the mandatory sentencing provisions simply define punishments within the Class 6 felony range." Atkins, 57 Va. App. at 28, 698 S.E.2d at 262. We explained:

> "Defendant's argument, however, is belied by Code § 18.2-308.2(A), a statute intended to 'prevent[ ] a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm.' Jones v. Commonwealth, 16 Va. App. 354, 358, 429 S.E.2d 615, 617, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993). The proscribed conduct, together with the attendant elements, is clearly defined in the initial sentence of the statute and punishable as 'a Class 6 felony.' Consistent with the intendment of the enactment, an accused having been previously convicted of a 'violent felony' is subject to a period of mandatory incarceration, a sentence within the range of a Class 6 felony but beyond trial court discretion. Contrary to defendant's contention, such disparate penalties do not spawn gradations of the offense. The crime is not defined by the penalty."

Id. at 28-29, 698 S.E.2d at 262 (quoting Thomas, 37 Va. App. at 754, 561 S.E.2d at 59 (other citations omitted)).

We agree with the trial court that the issue here is identical to the issue presented in Atkins and that decision controls this case. The date of the prior felony conviction is not an element of the underlying offense, i.e., possession of a weapon by a convicted felon. The only elements of the offense are (1) possession of a weapon, and (2) a prior conviction of a felony. The date of the conviction is simply a sentencing factor. See Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998) ("An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." (other citation omitted)).

Under the interpanel accord doctrine, we lack the authority to revisit Atkins. That decision, from a panel of this Court, "'cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court.'" Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73,

- 4 -

577 S.E.2d 538, 540 (2003) (quoting Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996)).

Appellant argues that in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), any reliance on Atkins and Thomas is misplaced. We disagree. In Alleyne, the defendant was convicted by a jury of robbery and "using or carrying a firearm" in the commission of a violent felony. The federal statute under which Alleyne was convicted prescribed a minimum sentence of five years if the firearm was used or carried, and a minimum sentence of seven years if the firearm was brandished. The jury's verdict form indicated that it found beyond a reasonable doubt that Alleyne "[u]sed or carried a firearm during and in relation to a crime of violence," but did not indicate a finding that the firearm was "[b]randished." Id. at 2156. Nevertheless, pursuant to the recommendation of the presentence report, the federal district court sentenced Alleyne to a minimum term of seven years based on its finding by a preponderance of the evidence that Alleyne brandished the firearm. Id. Alleyne appealed, arguing that the jury did not find the additional fact of brandishing beyond a reasonable doubt and that raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm violated his Sixth Amendment right to a jury trial.

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court found that Alleyne was entitled to have a jury determine whether he brandished the firearm because that fact was an element of the offense. "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." Alleyne, 133 S. Ct. at 2158 (citing United States v. O'Brien, 560 U.S. 218, 224 (2010)). The Court explained that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." Id. at 2162.

We disagree with appellant's contention that all of the principles stated in Apprendi and Alleyne, which both involve jury trials, apply fully to bench trials. See, e.g., Mack v. McCann, 530 F.3d 523, 536 (7th Cir. 2008) ("All that Apprendi requires is that Mack be found guilty beyond a reasonable doubt of every element of the crime with which he was charged. Apprendi, 530 U.S. at 477. Those findings must be made by a jury unless the defendant has waived his right to a jury."). As in Apprendi, the Supreme Court decided Alleyne in the context of the Sixth Amendment's right to have a jury determine all the factual elements of the offense. In this Commonwealth, the jury determines both guilt and punishment and therefore the jury does decide enhanced factors for sentencing. Moreover, the case at hand does not involve the failure of a jury to decide an aggravating factor for enhanced sentencing, as appellant waived his right to a jury trial and was tried by the court. We conclude that the decisions in Apprendi and Alleyne do not control our resolution of this case.

We also conclude that Hall v. Commonwealth, 8 Va. App. 350, 381 S.E.2d 512 (1989), does not change our decision. In Hall, the appellant was specifically "indicted for the use of a 'sawed-off shotgun' in the commission of a 'crime,'" a Class 4 felony in violation of Code § 18.2-300(B). Id. at 351, 381 S.E.2d at 512. However, the trial court instructed the jury that Hall was charged with the more serious crime of "using a 'sawed-off' shotgun in the commission of a crime 'of violence,'" a Class 2 felony in violation of Code § 18.2-300(A). Id. at 351, 381 S.E.2d at 512-13. We noted that Code § 18.2-300 defined two separate crimes with different elements of each offense. Thus, there were two different grades of the offense.

> Where a statute contains more than one grade of an offense and each grade carries a different punishment the indictment must contain an assertion of the facts essential to the punishment sought to be imposed. This rule stems from the basic guarantee that the accused is entitled to prepare adequately for his defense.

Id. at 352, 381 S.E.2d at 513 (other citations omitted).

- 6 -

Here, however, Code § 18.2-308.2 contains only one grade of felony. The indictment correctly informed appellant that he was charged with a Class 6 felony. Therefore, the principles established in <u>Hall</u> are not relevant to this case.

Similarly, appellant's reliance on <u>McKinley v. Commonwealth</u>, 217 Va. 1, 225 S.E.2d 352 (1976), is misplaced. <u>McKinley</u> affirmed the principle that when a second or subsequent offense is charged, the more severe punishment cannot be inflicted unless the subsequent offense is charged in the indictment. <u>Id.</u> at 4, 225 S.E.2d at 354. However, appellant in <u>McKinley</u> was indicted for abduction with the intent to deprive the victim of her personal liberty but was convicted of abduction with intent to defile. Because each offense required proof of totally different intents, each were various grades of abduction and not sentencing elements as in the instant case. Therefore, we do not consider <u>McKinley</u> relevant to the issue presented here.

## CONCLUSION

For the foregoing reasons, we find the trial court did not err in imposing a mandatory minimum two-year sentence and the judgment of the trial court is affirmed.

<u>Affirmed.</u>