COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued at Lexington, Virginia

CARTER W. MATNEY, S/K/A
  CARTER WAYNE MATNEY

v.      Record No. 1736-13-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
FEBRUARY 10, 2015

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Patrick R. Johnson, Judge

James E. Slone for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Carter Wayne Matney ("appellant") appeals the two-year sentence he received from the trial

court after having been found guilty of possession of a firearm by a felon in violation of Code

§ 18.2-308.2(A).  Appellant argues that the trial court erred in refusing to grant his request to be

resentenced by a jury.  We hold that appellant's argument is procedurally barred by both Rule

5A:18 and Rule 5A:12, and, accordingly, for the following reasons, we affirm appellant's two-year

sentence.

I.  BACKGROUND

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was indicted on one count of possession of a firearm as a violent felon, in violation of Code § 18.2-308.2(A). A jury found appellant guilty of that offense, and handed down a five-year sentence – the mandatory sentence for possession of a firearm by a violent felon. Appellant later filed a motion to set aside the jury's sentencing verdict and to resentence him on the ground that the Commonwealth failed to show that the predicate felony, which was a conviction under a North Carolina statute, was "substantially similar" to any of the felonies enumerated in Code § 17.1-805(C). Appellant claimed that the Commonwealth, therefore, failed to show that the predicate felony was actually a "violent felony" for purposes of Code § 18.2-308.2(A). Because appellant's predicate felony was non-violent, he argued, he should not have been subjected to a five-year sentence. The trial court ultimately determined that appellant's offense was not "substantially similar" to any of the "violent felon[ies]" enumerated in Code § 17.1-805(C), and granted appellant's motion to set aside the jury's sentencing verdict and to resentence appellant. That ruling is not before this Court on appeal.

The trial judge – but not a jury – was present at appellant's resentencing hearing. Appellant asked for resentencing by a jury. In support of his request that he be resentenced by a jury, appellant made several arguments that actually pertained to issues that were apparently resolved at the guilt stage of the proceedings. However, neither appellant nor his counsel asserted a constitutional or statutory right to resentencing by a jury. The trial court denied appellant's request for a jury, and it imposed a sentence of two years – the mandatory minimum sentence under Code § 18.2-308.2(A) for possession of a firearm after having been convicted of a non-violent felony.

## II. ANALYSIS

Appellant argues on appeal that the trial court committed reversible error when it did not empanel a jury to conduct a second sentencing proceeding after the trial court concluded that appellant's prior felony conviction was not a "violent felony," as defined by Code § 17.1-805(C),

and granted his motion for resentencing. Appellant contends on brief that the trial court's refusal to allow a jury to resentence him constituted a violation of the Equal Protection Clause of the United States Constitution because he claims that he "was entitled to this constitutional protection in application of [a] state statute" – Code § 19.2-295.1.[1] We hold that Rule 5A:18 precludes our consideration of appellant's contentions that he has made on brief.

Rule 5A:18 provides, in relevant part, as follows:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment . . . is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

"Pursuant to Rule 5A:18, absent good cause or to attain the ends of justice, we will not consider on appeal an argument that was not presented to the trial court, even if it involves constitutional claims." Ashby v. Commonwealth, 33 Va. App. 540, 545, 535 S.E.2d 182, 185 (2000). Appellant does not claim that we should consider his arguments here under the good cause and ends of justice exceptions to Rule 5A:18, and we will not invoke those exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

When appellant requested that the trial court allow him to be resentenced by a jury, he never argued that he was entitled to a jury because of the reasons that he now argues for the first time in his brief on appeal. At his resentencing hearing, appellant explained that he wanted a jury so that the jury could be "given an opportunity to hear a number of facts." Appellant then argued that

---

[1] During oral argument before this Court, appellant's counsel acknowledged that, while appellant was sentenced to the mandatory minimum of two years at the resentencing hearing in the trial court, appellant could actually face a potential sentence of up to five years if he were to prevail on appeal here and be resentenced by a jury at a second resentencing hearing. See Rawls v. Commonwealth, 272 Va. 334, 348, 634 S.E.2d 697, 704 (2006) (holding that "a defendant who was previously convicted of any felony other than one designated as a violent felony under Code § 17.1-805 is subject to a sentence of a term of imprisonment of two years (the mandatory minimum) to five years (the maximum)").

"Virginia authorities had no right to come into West Virginia and apprehend him," that "no witnesses saw him in possession of a firearm in Virginia," that the object he was seen possessing was not actually a "firearm," and that one of the law enforcement officers who testified at trial committed perjury. Appellant never argued that he was entitled to a jury at resentencing on the ground that the denial of a jury would be a violation of a constitutional right to a fair and impartial jury, as applied under the Equal Protection Clause, or a violation of a statutory right to a jury under Code § 19.2-295.1. Thus, because appellant argues for the first time on appeal that the trial court's refusal to grant his request for a jury at resentencing was a violation of the Equal Protection Clause and because appellant for the first time on appeal makes any reference to Code § 19.2-295.1, we are precluded from considering those arguments since they were not preserved below.

Moreover, pursuant to Rule 5A:12(c)(1)(i), we will also not consider appellant's Equal Protection Clause and statutory arguments since appellant's assignment of error – as granted by this Court – simply does not encompass these arguments. Rule 5A:12(c)(1)(i) provides, in relevant part, " [T]he petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. . . . Only assignments of error assigned in the petition for appeal will be noticed by this Court." An issue that is not part of appellant's assignment of error in the petition for appeal is considered waived. See, e.g., Simmons v. Commonwealth, 63 Va. App. 69, 75 n.4, 754 S.E.2d 545, 548 n.4 (2014) (citing Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007)).

Appellant did not argue – and certainly did not assign as error – in his petition for appeal that the trial court's refusal to allow a jury to resentence him violated any statutory right or that it violated the Equal Protection Clause. Appellant's assignment of error, as granted, reads as follows:

> Whether the trial court violated appellant's constitutional right to a fair and
> impartial jury by not empaneling a jury to conduct a second sentencing

- 4 -

proceeding after the trial court concluded appellant's prior felony conviction was not a violent felony as defined by Code § 17.1-805 and granted his motion for resentencing.[2]

Thus, because appellant's granted assignment of error did not encapsulate the equal protection issue or the Code § 19.2-295.1 issue that appellant now raises on brief, those two issues are waived under Rule 5A:12(c)(1)(i).

To the extent that the assignment of error that was granted by this Court does invoke appellant's Sixth Amendment right to a jury at sentencing, such a Sixth Amendment argument is barred by Rule 5A:18 because it was not raised in the trial court. In addition, appellant has not developed any argument under the Sixth Amendment on brief and also has not supported any such claim with legal authority that is pertinent to the Sixth Amendment right to a jury. Accordingly, Rule 5A:20(e) also bars any such Sixth Amendment claim on appeal.[3]

### III. CONCLUSION

For the reasons explained above, appellant has procedurally defaulted the arguments that he makes on appeal – and, therefore, he has waived appellate review of those arguments. Accordingly,

---

[2] Appellant's first opening brief in this Court phrased his assignment of error in the form of a question. On August 11, 2014, the Clerk of this Court advised appellant that stating his assignment of error in the form of a question did not comply with Rule 5A:20(c) and that he needed to file amended pleadings. Appellant did amend his assignment of error in accordance with the Clerk's instructions on that limited issue of not phrasing the assignment of error in the form of a question. However, appellant then added language to the granted assignment of error, which a litigant may not do without leave of this Court. See White v. Commonwealth, 267 Va. 96, 103, 591 S.E.2d 662, 665-66 (2004) (stating that, unless leave of court is granted, "[i]t is impermissible for an appellant to change the wording of an assignment of error"). Accordingly, we consider only the wording of the assignment of error that was granted by this Court at the petition for appeal stage of the proceedings.

[3] Furthermore, in Ballard v. Commonwealth, 228 Va. 213, 216, 321 S.E.2d 284, 286 (1984), the Supreme Court of Virginia rejected an argument that "jury sentencing is a constitutionally guaranteed right" applicable to state court proceedings. Moreover, the sentencing issue here does not involve any factor or element that would raise the mandatory minimum sentence relating to the offense for which appellant was convicted. See generally Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013); see also Butler v. Commonwealth, 64 Va. App. 7, 763 S.E.2d 829 (2014).

- 5 -

we affirm appellant's mandatory minimum sentence of two years that was imposed under Code

§ 18.2-308.2(A), which, in any event, is the lowest sentence appellant could have received at

resentencing.

<u>Affirmed.</u>