COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Decker
Argued by teleconference


MARCUS M. COUSIN, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2202-13-1                      JUDGE RANDOLPH A. BEALES
                                                    MAY 5, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

John E. Robins, Jr., for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Marcus M. Cousin, Jr. (appellant) was found guilty of one count of possession of marijuana

with intent to distribute, a felony, in violation of Code § 18.2-248.1.  Appellant was found not guilty

of possession of Hydrocodone, a misdemeanor, as charged in Code § 18.2-250.  Appellant argues

that the trial court erred by convicting him of possession of marijuana with intent to distribute on the

ground that there was insufficient evidence to prove beyond a reasonable doubt that appellant was

aware of the nature and contents of the lunchbox in which marijuana was found.  In addition,

appellant argues on brief that the trial court erred when it convicted him of the marijuana offense

and acquitted him of the simple possession of Hydrocodone offense, since those verdicts in this case

are inconsistent, and since inconsistent bench verdicts constitute reversible error.  We hold that the

trial court did not err when it determined that the evidence was sufficient to support appellant's

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conviction for possession of marijuana with intent to distribute. Consequently, for the following reasons, we affirm appellant's felony marijuana conviction.[1]

## I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). In this case, Officer D'Anglo Freeman of the Hampton Police Department testified that he came into contact with appellant on the night of January 26, 2013, after making a traffic stop of the vehicle that appellant was driving.[2] When Officer Freeman approached the vehicle, he smelled a strong odor of some kind of fragrance, which, in his opinion, had been sprayed "to cover up a fragrance." While writing appellant the summons for the traffic violation, Officer Freeman called for a K9 unit to arrive and conduct a scan of the vehicle for possible narcotics. Officer Brian L. Boyd arrived at the scene with a drug-sniffing dog ("K9"). The K9 alerted to the driver's door.

After learning that the K9 had alerted on the driver's door of appellant's vehicle, Officer Freeman proceeded to conduct a search of the vehicle. In the center console area, he found a black, opaque lunchbox that contained 1.5 ounces of marijuana – some of which was "bagged up in little baggies;" two pill bottles, neither of which bore appellant's name; a digital scale; and additional

---

[1] Because appellant's argument regarding inconsistent verdicts is not encompassed within his assignment of error now before this Court, we hold that appellant's argument on that issue is procedurally barred by Rule 5A:12(c)(1)(i) and Rule 5A:20(c). An issue that is not part of appellant's assignment of error is considered waived. See, e.g., Simmons v. Commonwealth, 63 Va. App. 69, 75 n.4, 754 S.E.2d 545, 548 n.4 (2014) (citing Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007)).

[2] Defense counsel challenged the basis for the stop on a motion to suppress, but the trial court denied that motion. This Court did not grant appellant's assignment of error on the motion to suppress so it is not currently before this Court.

empty baggies. Officer Freeman found two hotel room receipts in the driver's side door. Appellant's name was on both receipts. After searching the vehicle, Officer Freeman searched appellant and recovered $764 from his person. Defense counsel stipulated that an expert witness for the Commonwealth would testify that the items that Officer Freeman recovered from the vehicle and from appellant's person would be consistent with distribution of drugs and not personal use of drugs.

After the conclusion of his search of the vehicle and of appellant, Officer Freeman read appellant his Miranda rights. Appellant indicated that he understood those rights, at which point Officer Freeman began to ask him questions related to the lunchbox. According to Officer Freeman, "[appellant] stated that he drove the vehicle pretty much every day. He stated the lunchbox wasn't his, but he knew the lunchbox was in the vehicle. After that he made a statement of how could he work these charges off."

After the trial court overruled appellant's motion to strike, appellant called Joshlynn Boykins, appellant's girlfriend. Boykins testified that the vehicle in which appellant was stopped belongs to her. Boykins had given a number of people permission to drive the vehicle, including appellant, appellant's mother, and appellant's mother's boyfriend (Larry Bergeron). According to Boykins, right after she found out that appellant had been arrested, and right after Boykins told Bergeron about this fact, Bergeron told Boykins that the lunchbox was his, and indicated that there was marijuana in it. Also, Boykins overheard Bergeron tell appellant's previous counsel (who was not appellant's trial counsel) on the phone that the contents of the lunchbox belonged to him. Larry Bergeron was not present at trial.

At the conclusion of Boykins's testimony, appellant called Kimberly Karle, his original defense counsel in this matter. Karle was appellant's attorney through the public defender's office up until three weeks before trial. Karle explained that she withdrew as appellant's counsel

- 3 -

so that she could testify as to Bergeron's statement that the marijuana in the lunchbox was his. According to Karle, Bergeron stated over the phone to her that the marijuana and the lunchbox belonged to him. Bergeron agreed to meet with Karle the following day, but he never showed up and he never returned any of Karle's subsequent phone calls.

The trial court ruled as follows:

> All it really boils down to is whether or not Mr. Cousin had not only dominion and control but specific knowledge of what was in the bag and what he may have been doing with those materials.
>
> Given what I have heard of Mr. Bergeron, he may very well have said these things not only to Ms. Karle but to Ms. Boykins, but he has not presented himself here to say them to me, and I don't think I can give that evidence a great deal of weight – of interest but not great weight.
>
> I think the relationship of Mr. Cousin to this vehicle, his repeated use of it and the amount of cash that he had, his statements to the police officer indicate a knowledge of what was in the bag and that he was operative regarding it. I do not find there to be reasonable doubt about these things.
>
> I find him guilty of the felony charge.
>
> I find him not guilty of the misdemeanor charge.

## II. ANALYSIS

Appellant challenges the sufficiency of the evidence to support his possession of marijuana with intent to distribute conviction. When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the

- 4 -

essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998). "The Commonwealth must . . . establish that the defendant intentionally and consciously possessed [the substance] *with knowledge of its nature and character.*" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (citations omitted) (emphasis in original). To establish that an accused constructively possessed a substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984) (citation omitted).

Viewing the evidence in the light most favorable to the Commonwealth (as we must since it was the prevailing party at trial), a rational trier of fact could find appellant guilty beyond a reasonable doubt of possession of marijuana with intent to distribute, based on the combined force of appellant's statements and other facts and circumstances. First, Officer Freeman discovered the lunchbox near the center console of the vehicle. "While mere proximity to a controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs." Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774 (1988) (citing Lane v. Commonwealth, 223 Va. 713,

- 5 -

716, 292 S.E.2d 358, 360 (1982)).  Second, appellant's relationship to the vehicle also goes toward supporting a finding that appellant exercised dominion and control over the marijuana. Appellant told Officer Freeman that he drove the vehicle "pretty much every day."  In addition, Officer Freeman found two hotel receipts in the driver's side door bearing appellant's name. While presence of appellant's personal documents is not sufficient, in itself, to establish that he possessed the marijuana, see, e.g., Drew v. Commonwealth, 230 Va. 471, 474, 338 S.E.2d 844, 846 (1986), it is certainly a factor to consider when determining whether appellant constructively possessed the marijuana.  Third, appellant's assertion to Officer Freeman that he did not *own* the lunchbox is certainly not dispositive since "'[p]ossession and not ownership is the vital issue.'" Smallwood v. Commonwealth. 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009) (quoting Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953)).  Thus, Boykins's and Karle's testimony that Larry Bergeron had indicated that the lunchbox and the marijuana within it belonged to him does very little to advance appellant's argument.  Finally, appellant's statement to Officer Freeman about how he could "work these charges off" indicates that appellant was aware of the presence and the character of the marijuana.  The trier of fact was certainly entitled to infer from appellant's statements that he was aware of the illegal nature of the substance – i.e., marijuana – that Officer Freeman had recovered from the lunchbox.  Furthermore, as noted, appellant does not really argue that the evidence found in the lunchbox was only indicative of personal use of marijuana and not of possession with intent to distribute.

## III.  CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed below, the trial court properly found appellant guilty of possession of

marijuana with intent to distribute under Code § 18.2-248.1.  Therefore, we affirm the trial court's conviction of appellant.

<u>Affirmed.</u>