UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Friedman, Malveaux and Fulton
Argued at Norfolk, Virginia


JUSTIN DUANE STURDIVANT

MEMORANDUM OPINION*
v.      Record No. 1214-21-1                JUDGE JUNIUS P. FULTON, III
                                                          SEPTEMBER 20, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Michael E. McGinty, Judge Designate

Ivan D. Fehrenbach (D.R. Dansby, Ltd., on brief), for appellant.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Justin Duane Sturdivant of possessing or transporting a firearm after

having been convicted of a violent felony.  On November 3, 2021, the Circuit Court of the City of

Williamsburg and County of James City entered a final order sentencing him to five years'

imprisonment.  Sturdivant appeals the circuit court's decision to overrule his objection to a jury

instruction and its denial of his request for a competency evaluation.  For the following reasons, we

affirm.

BACKGROUND

A grand jury indicted Sturdivant for possessing or transporting a firearm "after having been

convicted of a violent felony as defined in [Code §] 17.1-805," and his case was scheduled for a

bench trial on March 3, 2021.  On that day, Sturdivant entered a not guilty plea and requested a

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bench trial. The Commonwealth indicated that its witnesses were present and that it was ready to proceed to trial. Sturdivant replied that he had no witnesses but was not ready for trial because he was dissatisfied with his counsel due to inadequate communication. Sturdivant indicated that for the past several months he had sought to retain substitute counsel.

When the circuit court signaled that it was not inclined to grant a continuance, Sturdivant's counsel reiterated that Sturdivant was dissatisfied with his services and had told him the day before that he wanted a jury trial. Counsel professed that he "was shocked when [he] heard" Sturdivant request a bench trial instead. Sturdivant confirmed that he had told his attorney that he wanted a jury trial and told the court, "[l]ike I'm really confused. That's why I've been trying to get a paid lawyer, you know." Sturdivant's attorney said that he had "not really discussed the facts of the case with [Sturdivant] probably since the preliminary hearing."[1] And that Sturdivant's "responses to some of the questions [were] confusing."

The court again indicated that it was "not going to grant a continuance just yet," but passed the case on the docket to allow Sturdivant additional time to confer with his attorney. After a recess, Sturdivant's counsel stated that Sturdivant still did not feel ready for trial and wanted to retain substitute counsel. Counsel said he had not prepared for a trial that day because Sturdivant had told him the day before that he wanted a jury trial. Sturdivant then expressed that he wished to be tried by a jury. The court replied that it "suspected" this request, "knowing we can't give [Sturdivant] a jury trial today," and continued the case to April 23, 2021, instructing Sturdivant that even if he changed counsel or decided to call witnesses, he would need to be ready to proceed with a jury trial that date.

On April 22, 2021, the day before the jury trial, Sturdivant's counsel moved for competency and sanity evaluations. Counsel based the motion on a "conversation [he] had with the

---

[1] The preliminary hearing had occurred thirteen months earlier, on January 30, 2020.

Commonwealth['s] Attorney and also [Sturdivant's] mother" in which she told counsel "she believes Sturdivant doesn't comprehend what's going on." The Commonwealth denied having any conversations about sanity but acknowledged that Sturdivant's mother said that he "was very low functioning, and there had been extremely little communication" between him and his attorney. The Commonwealth further indicated that, according to Sturdivant's mother, Sturdivant still believed he would have a bench trial. His mother told the Commonwealth that "he doesn't understand things very well." Sturdivant's counsel requested that the court order a competency evaluation to ensure Sturdivant "understands what's going on," and suggested that if the court ordered a competency evaluation, "we might as well look at sanity at the time of the offense as well."

The circuit court reviewed its records and noted that Sturdivant had appeared in a separate case in 2017 and had an extensive presentence investigation during an earlier proceeding in 2016, and neither suggested that he lacked competency. The court also noted that throughout its conversations with Sturdivant and his attorney at the arraignment on March 3, "there was no question in the [c]ourt's mind that . . . Sturdivant didn't want to go forward that day, . . . but . . . [the court] didn't have any issue in arraigning him or feeling that there was any issue in terms of competency." Therefore, the court ruled, there was no "probable cause to believe that he lacks substantial capacity at this point to even proceed with an evaluation."

At trial, the Commonwealth introduced into evidence, without objection, orders showing that Sturdivant had been previously convicted of possession of ammunition by a felon in violation of Code § 18.2-308.2. At the conclusion of trial, the Commonwealth offered Jury Instruction No. 6, which instructed the jury on the elements of the offense of possession of a firearm after having been convicted of a felony. Jury Instruction No. 6 provided that the Commonwealth was required to "prove beyond a reasonable doubt . . . (1) That the defendant knowingly and intentionally possessed or transported a firearm; and (2) That the defendant has been convicted of a felony violation of

Virginia Code Section 18.2-308.2." Sturdivant's counsel objected that "the word violent needs to be in there." The Commonwealth responded that the indictment charged that Sturdivant had been convicted of a violent felony as defined in Code § 17.1-805, so if the court accepted Sturdivant's argument, the jury would then "have to make a legal determination as to what falls under 17.1-805." The correct procedure, the Commonwealth continued, was that "the [c]ourt has to make a determination as to whether a conviction has been admitted into evidence [that] is one of those enumerated in 17.1-805."

The circuit court ruled that "the proposed instruction . . . as it reads, does fairly state the law and certainly follows what the model jury instruction is on that." It noted that under the proposed instruction, "the Commonwealth has to prove [a previous conviction for violating Code § 18.2-308.2] and . . . the jury would have to be convinced beyond a reasonable doubt as to that element, that is, that specific code section." Therefore, the court overruled Sturdivant's objection and gave the jury instruction as proposed. The jury thereafter returned a guilty verdict, and this appeal followed.

ANALYSIS

1. *The Jury Instruction*

In his first assignment of error, Sturdivant asserts that the circuit court erred by overruling his objection and giving Jury Instruction No. 6 without adding the term "violent" to further describe the word "felony." "We review a trial court's decision to refuse a jury instruction for abuse of discretion." *Payne v. Commonwealth*, 65 Va. App. 194, 203 (2015) (quoting *King v. Commonwealth*, 64 Va. App. 580, 586 (2015) (*en banc*)). "Our responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Hilton v. Commonwealth*, 293 Va. 293, 302 (2017) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)). "[W]hether an instruction 'accurately states

the relevant law is a question of law' that the appellate court reviews *de novo*." *Banks v. Commonwealth*, 67 Va. App. 273, 281 (2017) (quoting *Sarafin v. Commonwealth*, 288 Va. 320, 325 (2014)).

Under Code § 18.2-308.2(A), the mandatory minimum sentence for a non-violent felony is only two years, but the mandatory minimum for a violent felony is five years. Accordingly, Sturdivant argues, whether his 2017 conviction was for a violent or a non-violent felony was an "important element of the crime" to be submitted to the jury under *Alleyne v. United States*, 570 U.S. 99, 103 (2013). He contends that dicta in *Butler v. Commonwealth*, 64 Va. App. 7, 13-14 (2014), in which we affirmed a mandatory minimum sentence imposed after a bench trial, suggests that *Alleyne* requires a jury "to determine all the factual elements of the offense" in a jury trial and that whether the 2017 conviction is "violent" is a question of fact requiring jury determination.

We disagree that *Alleyne* requires that the jury must have been instructed to determine whether the Commonwealth had proven beyond a reasonable doubt that Sturdivant's prior conviction was a violent felony. The Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) (emphasis added), held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt." When expanding *Apprendi*'s holding to include facts triggering a mandatory minimum, the *Alleyne* Court expressly declined to revisit the exception for prior convictions. 570 U.S. at 111 n.1. Because Sturdivant assigns error to the trial court's refusal to instruct the jury that it must find beyond a reasonable doubt that Sturdivant had previously been convicted of a *violent* felony (i.e., a prior conviction), *Alleyne* does not dictate the outcome in this case.

Our Supreme Court has previously held that "the defendant's possession of a firearm and the fact that the defendant is a convicted felon are essential elements of the offense created by [Code

§ 18.2-308.2(A)] and, thus, must be proven by the Commonwealth beyond a reasonable doubt." *Rawls v. Commonwealth*, 272 Va. 334, 347 (2006). But *Rawls* does not go as far as Sturdivant would like. The Court also made clear that:

> [w]hile proof of the defendant's prior felony conviction is an essential element of the substantive offense under Code § 18.2-308.2(A), *the nature of that prior felony conviction is not.* Under the plain language of Code § 18.2-308.2(A), a violation of that statute is complete upon possession of a firearm by any person previously convicted of any felony. Proof that the prior felony conviction was for a "violent felony" as designated under Code § 17.1-805 invokes the applicability of the enhanced punishment provision in Code § 18.2-308.2(A).

*Id.* at 348 (emphasis added).

The phrase "violent felony" used in Code § 18.2-308.2(A) is a legal term. The statute expressly limits its meaning to the definition set forth in Code § 17.1-805. When an issue is governed by a term defined by statute, the court is required "to construe statutory language to answer the question." *Marshall v. Commonwealth*, 69 Va. App. 648, 653 (2019) (quoting *Cartagena v. Commonwealth*, 68 Va. App. 202, 207 (2017)). The issue therefore presents a question of law. *Id.* A question of law "is not a proper question for submission to the jury." *Amonett v. Commonwealth*, 70 Va. App. 1, 8 (2019); *accord Wiggins v. Commonwealth*, 47 Va. App. 173, 193 n.6 (2005) ("Jury instructions are not invitations by the court to the jury to decide questions of law."). To the contrary, "[i]t is fundamental that the court must respond to questions of law and the jury to questions of fact." *Amonett*, 70 Va. App. at 8 (quoting *Gottlieb v. Commonwealth*, 126 Va. 807, 812 (1920)). Accordingly, "an instruction that would submit a question of law to the jury is properly refused." *Wiggins*, 47 Va. App. at 193 n.6 (quoting Ronald J. Bacigal & Joseph S. Tate, *Virginia Jury Instructions* § 2:02, at 7 (2005)).

The Commonwealth proved, and the jury found, beyond a reasonable doubt that Sturdivant had been previously convicted of violating Code § 18.2-308.2, possession of

ammunition by a felon. Pursuant to Code § 17.1-805(C), a felony violation of Code § 18.2-308.2 is a violent felony offense. Therefore, the record developed at trial established beyond a reasonable doubt that Sturdivant had been previously convicted of a violent felony. We find that the trial court properly instructed the jury and that there was proof presented at trial as to the nature of the violent felony offense.

## 2. *The Competency Evaluation*

In his second assignment of error, Sturdivant asserts that the circuit court erred by denying his request for a competency evaluation. He argues that under *Clark v. Commonwealth*, 73 Va. App. 695 (2021), his counsel's expressed "concern [about his competency] should be given significant weight[ ] and may constitute a sufficient basis for probable cause for an evaluation." Sturdivant contends that his confusion at his arraignment about whether to have a jury trial or a bench trial, coupled with his mother's comments that he remained confused as of the April 22 hearing, substantiated his counsel's concerns. Sturdivant also argues that the circuit court's statement at the April 22 hearing that it had no reservations about his competency at the arraignment reflects that the court failed to recall his vacillation between a jury trial and a bench trial and that the court gave undue weight to a flawed recollection. We disagree. The statements at the arraignment and April 22 hearing indicated that Sturdivant's confusion arose not from lack of competency but from counsel's admitted lack of communication.

As we recently held in *Clark*, "[a] defendant is competent to stand trial when he has the present ability to understand the proceedings against him and consult with his lawyer with a reasonable degree of understanding." 73 Va. App. at 704-05. "[A] court is required to order a competency evaluation if there is 'probable cause to believe' the defendant 'lacks substantial capacity to understand the proceedings against him or to assist his attorney in his own defense.'" *Id.* at 705 (quoting Code § 19.2-169.1(A)). An appellate court "will reverse a trial court's decision

denying a competency evaluation under Code § 19.2-169.1(A) only if the trial court abused its discretion." *Id.* "[T]he abuse of discretion standard requires us to determine 'whether the record fairly supports the trial court's action.' In this review, 'we view the evidence in the light most favorable to the Commonwealth,' the prevailing party below." *Id.* (alteration and citations omitted) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 617, 620 (2009)).

Whether probable cause exists to warrant "a competency evaluation depends on 'probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons.'" *Id.* at 707 (quoting *Johnson v. Commonwealth*, 53 Va. App. 79, 93 (2008)). "While one factor standing alone may be sufficient for probable cause, a judge most often evaluates several relevant factors to determine if [a competency] evaluation is warranted under the circumstances." *Id.* at 708. We explained in *Clark* that an attorney's opinion of a client's competency is a "persuasive factor" which a trial court "should 'strongly consider'" because counsel "is in the best position to speak to a client's ability to understand proceedings and assist counsel at trial." *Id.* (quoting *Johnson*, 53 Va. App. at 94). Thus, "courts have found counsel's *detailed proffer* about a client's mental state sufficient to satisfy the probable cause standard." *Id.* (emphasis added).

Nevertheless, "while persuasive, counsel's assertions, 'standing alone, do not typically provide probable cause for an evaluation.'" *Id.* (quoting *Johnson*, 53 Va. App. at 94). "[C]ounsel's 'general impression' of a client's incompetence or testimony about limited instances of a client's irrational behavior alone does not establish sufficient doubt." *Id.* (quoting *Johnson*, 53 Va. App. at 95). "[C]ounsel could present expert testimony or layperson observations, or even detailed evidence." *Johnson*, 53 Va. App. at 95 (citation omitted). A trial court also can consider "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). "Because

- 8 -

no factor should be considered in isolation, a trial court may abuse its discretion if it evaluates a factor incognizant of the others. Under the probable cause standard, the cumulative effect of multiple, relevant factors governs." *Id.* (citation omitted).

Sturdivant's counsel did not suggest at the arraignment that Sturdivant "lack[ed] substantial capacity to understand the proceedings . . . or to assist his attorney in his own defense." Code § 19.2-169.1(A). Although counsel expressed surprise that Sturdivant requested a bench trial because Sturdivant had earlier indicated that he wanted a jury trial, counsel admitted that he had not spoken substantively with Sturdivant about the case for approximately thirteen months, until the evening before the scheduled bench trial. After conferring with Sturdivant during the recess, counsel told the court that Sturdivant "made statements that he doesn't understand what I'm talking about," but rather than questioning Sturdivant's competency, counsel attributed the purported confusion to "such a great breakdown in communication that maybe he needs to get a different attorney to assist him."

Counsel's representations at the arraignment were consistent with Sturdivant's answers in his plea colloquy. When the circuit court asked if Sturdivant was "satisfied with the service of [his] lawyer" he answered "[n]o," because of a "lack of communication," which was why he was "trying to get a new one." When the court asked if Sturdivant was ready to proceed to trial, he again answered "[n]o" and reiterated, "I haven't had enough time to actually go over everything with my lawyer." Although Sturdivant indicated that he was "really getting confused," he implied that his confusion was due to lack of communication with counsel by again referring to his desire for a new attorney.

Similarly, at the April 22 hearing, the Commonwealth acknowledged that Sturdivant's mother "indicated . . . that he was very low functioning, and there had been extremely little communication between" Sturdivant and attorney "since . . . before Christmas." The

- 9 -

Commonwealth represented that Sturdivant's mother "said he doesn't understand things very well" and still thought he was having a bench trial. The Commonwealth's representations and counsel's own discussions with Sturdivant's mother were the only basis for the competency evaluation request. Counsel did not make a detailed proffer to substantiate his concerns and, notably, did not include any personal observations nor provide any other evidence. *Cf. Clark*, 73 Va. App. at 709.

When the circuit court considered Sturdivant's request, it noted the lack of any suggestion that he lacked capacity in his previous trials, as well as his demeanor and responses at the arraignment. *Cf. id.* Contrary to Sturdivant's assertion on appeal that the court failed to recall and credit Sturdivant's vacillation between a jury trial or a bench trial at the arraignment, the arraignment transcript confirms that the court conducted the plea colloquy and expressly ruled that Sturdivant had freely, intelligently, and voluntarily entered his not guilty plea. Nothing at the arraignment, including counsel's representations, indicated that Sturdivant was not competent, only that his communication with counsel had been inadequate. Thus, the court's recollection of the arraignment at the April 22 hearing was accurate.

Notwithstanding Sturdivant's mother's statements to the Commonwealth, the circuit court had insufficient evidence to establish probable cause that Sturdivant "lacked[ed] substantial capacity to understand the proceedings against him or to assist his attorney in his own defense." Code § 19.2-169.1(A). According to the Commonwealth, Sturdivant's mother said both that Sturdivant was "low functioning" and that "there had been extremely little communication" between Sturdivant and counsel. Even if we were to accept her assessment of Sturdivant's intellectual capabilities, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence." *Clark*, 73 Va. App. at 709 (quoting *Walton v. Angelone*, 321 F.3d 442, 460 (4th Cir. 2003)). This is particularly true given that

Sturdivant's trial counsel's personal observations failed to support any reasonable suspicion that Sturdivant's competency was in any way deficient.

To the contrary, taken together, Sturdivant's mother's statements indicate only that Sturdivant may have intellectual impairments that required additional time and attention from counsel to explain unfamiliar legal concepts and procedures. They do not establish that Sturdivant had a "mental deficiency" that would "interfere with his present capacity to participate in and understand proceedings" given adequate communication with counsel. *Id.* Thus, they and counsel's otherwise unsubstantiated concerns, which were unconfirmed by personal observation, are insufficient to establish probable cause that Sturdivant "lack[ed] substantial capacity to understand the proceedings against him or to assist his attorney in his own defense." Code § 19.2-169.1(A); *Clark*, 73 Va. App. at 705, 708. The circuit court therefore did not abuse its discretion by denying Sturdivant's request for a competency evaluation.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*